UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BARBARA L. ESCALANTE,<br><br>Plaintiff,<br><br>v.<br><br>BARRET/GRIDER SETTLEMENT PLAN ADMINISTRATOR, *et al.*,<br><br>Defendants. | Case No. 3:18-cv-00370-MMD-CBC<br><br>ORDER |

**I.    SUMMARY**

*Pro Se* Plaintiff Barbara L. Escalante sued numerous defendants who are entities allegedly involved in a long-running identity theft scheme. Most of the named defendants have moved to dismiss the claims Plaintiff asserted against them. (ECF Nos. 16, 26, 28, 37, 41, 47, 52, 60, 65, 67, 91[1].) These motions are currently before the Court.[2] As explained below, the Court will grant these motions and dismiss Plaintiff's case because some defendants she attempted to sue are entitled to eleventh amendment sovereign

---

[1]The Louisiana Department of Motor Vehicles and Department of Health and Hospitals/Louisiana State University moved to dismiss yesterday (ECF No. 91), and Plaintiff has not yet responded to their motion. They moved to dismiss on the alternate bases of sovereign immunity and lack of personal jurisdiction. (*Id.*) As explained below, the Court will grant their motion on sovereign immunity grounds. The Court finds it unnecessary to wait for Plaintiff's response to this motion. She has previously faced, and failed to overcome, identical arguments raised in other defendants' motions to dismiss in this case. (ECF Nos. 26, 41, 60, 65, 67.) Moreover, nothing Plaintiff could write in response would overcome these defendants' arguments that they are entitled to sovereign immunity as Louisiana state agencies.

[2]The Court also reviewed Plaintiff's responses to nearly all of these motions (ECF Nos. 20, 23, 51, 62, 72, 76, 81, 85), with the exception noted above, and Defendants' replies (ECF Nos. 61, 69, 74, 75, 78, 79, 89). Plaintiff did not file a response to some of the pending motions to dismiss. (ECF Nos. 47, 67.) Per the court's local rules, failing to file a response to a motion constitutes consent for the Court to grant that motion. *See* LR 7-2(d).

immunity, she improperly served some defendants, the Court lacks personal jurisdiction over others, and Plaintiff has failed to state a claim against the remaining defendants. Further, the Court will deny all other pending motions as moot. (ECF Nos. 2, 6, 29.)

**II.    BACKGROUND**

Plaintiff generally alleges as follows in her Complaint unless otherwise indicated, though her Complaint is prolix and rather confusing. (ECF Nos. 1, 5 (redacted version).) Plaintiff is a victim of identity theft and fraud. (ECF No. 5 at 2.) An unspecified defendant stole her identity at some point. (*Id.* at 3.) Plaintiff believes her personal information was exposed when she went to renew her California driver's license at a Department of Motor Vehicles ("DMV") sometime between October 1983 and November 1984. (*Id.* at 7-8.) This led to other incidents of identity theft that have caused her financial and emotional harm over the years. (*See generally id.*)

Plaintiff mentions 42 U.S.C. § 1983 and 18 U.S.C. § 1028 in her Complaint. (*Id.* at 3.) She also mentions the Fair Credit Reporting Act. (*Id.* at 11.) She also discusses her potentially former husband's issues with child support payments regarding a prior relationship in California, and issues with his immigration status. (*Id.* at 12-17.) She further discusses her issues with homelessness, eviction, and the criminal justice system over the years, along with her move back to Louisiana to care for her mother, her mother's death, and the administration of her mother's estate, among other issues. (*See generally id.*) While she currently lives in Baton Rouge, Louisiana, she lived in Reno, Nevada for some time. (*Id.* at 2.)

Plaintiff appears to allege that the named defendants have harmed her in some way either by contributing to, or as a result of, the various instances of identity theft she has suffered over the years, which appear to have begun at the California DMV in 1983. (*See generally id.*) Plaintiff sued the following defendants: Barrett/Grider Settlement Plan Administrator, Louisiana Department of Motor Vehicles, California Department of Motor Vehicles, Nevada Department of Motor Vehicles, Reno Justice Court, Superior Court for

the County of Yolo, Immigration & Naturalization Services, California Service Center, Equifax, J.P. Morgan Chase Bank, AT&T, Department of Health and Hospitals (Our Lady of the Lake/Louisiana State University), Microsoft Corporation, Spirit Airlines, Wells Fargo Bank, Entergy, Boost Mobile, HULU, Parish Water Company, Experian, and TransUnion. As noted above, many of these defendants have moved to dismiss the claims Plaintiff asserts against them for reasons either procedural, or substantive, or both. Thus, the Court discusses the most relevant legal standards to defendants' motions to dismiss, below, then moves on to discuss the actions the Court will take in response to those motions.

## III. LEGAL STANDARD

### A. Failure to State a Claim

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555.) "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *See id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *See id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *See id.* at 679. A claim is facially plausible when the plaintiff's

complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *See Twombly*, 550 U.S. at 570.

Federal civil pleading *is* notice pleading. *See, e.g.*, *Starr v. Baca,* 652 F.3d 1202, 1212-16 (9th Cir. 2011). The notice pleading requirements of Rule 8(a) can be violated not only "when a pleading says *too little*," but also "when a pleading says *too much*." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (emphasis in original), *cert. denied*, 135 S. Ct. 57 (Oct. 6, 2014); *see also McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges"). The Complaint here says far too much, and unnecessarily so. Of course, the Court takes particular care in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). But still a liberal construction may not be used to supply an essential element of the claim not initially pled. *See Ross v. Williams*, 896 F.3d 958, 969 (9th Cir. 2018) (citation omitted).

**B. Lack of Subject Matter Jurisdiction**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *See In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984-85 (9th Cir. 2008). Although the defendant is the moving party in a motion to dismiss brought under Rule

4

12(b)(1), the plaintiff is the party invoking the Court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *See McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

### C. Lack of Personal Jurisdiction

A defendant may also move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *See Boschetto v. Hansin*, 539 F.3d 1011, 1015 (9th Cir. 2008). The plaintiff cannot "simply rest on the bare allegations of its complaint," but uncontroverted allegations in the complaint must be taken as true. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). The Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977) (citation omitted), but it may resolve factual disputes in the plaintiff's favor, *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

### D. Insufficient Service of Process

In addition, a defendant may move to dismiss for insufficient service of process. Fed. R. Civ. P. 12(b)(5). "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." *Wasson v. Riverside County*, 237 F.R.D. 423, 423 (C.D. Cal. 2006) (citation omitted). "Plaintiffs bear the burden of establishing the validity of service of process when defendants make a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5)." *Carr v. Int'l Game Tech.*, 770 F. Supp. 2d 1080, 1100 (D. Nev. 2011) (citation omitted).

## IV. DISCUSSION

The pending motions to dismiss make overlapping arguments. Further, Plaintiff's Complaint (which is 50 pages long, or 95 pages including exhibits) is so unclear that it is

difficult for the Court to determine which claims are asserted against which defendants, not to mention the full scope of Plaintiff's claims. For these reasons, the Court's analysis below is organized to group defendants based on either common arguments they raised in motions to dismiss, or because Plaintiff's attempts to include them in this case suffer from similar defects.

### A. Government Entities Who Moved to Dismiss

One group of defendants—the California DMV, the Nevada DMV, the Louisiana DMV, the Louisiana Department of Health and Hospitals (Our Lady of the Lake/Louisiana State University), and Immigration & Naturalization Services, California Service Center (collectively, the "Government Entities")—moved to dismiss, in part, based on eleventh amendment sovereign immunity from suit. (ECF Nos. 60, 65, 67, 91[3].) Sovereign immunity is a threshold issue that goes to the Court's subject matter jurisdiction. *See Cassirer v. Kingdom of Spain*, 616 F.3d 1019, 1026 (9th Cir. 2010). Thus, the Court addresses this argument over the other arguments raised in the Government Entities' motions to dismiss.

The Court agrees that the Government Entities are entitled to sovereign immunity. With respect to the California, Nevada, and Louisiana DMV defendants, along with the Louisiana Department of Health and Hospitals, they are entitled to sovereign immunity because they are state agencies that have not waived their immunity from suit. *See Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (affirming dismissal of constitutional claims in Section 1983 case against California state agency on sovereign immunity grounds); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (same, but regarding Nevada state agency); *Champagne v. Jefferson Par. Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999) (reversing district court and remanding with instructions to dismiss Louisiana state agency for lack of subject-matter jurisdiction on sovereign immunity

---

[3]The two Louisiana Government Entities argued for dismissal based on either lack of personal jurisdiction or sovereign immunity. (ECF No. 91.) The Court could have dismissed them on either basis, but chooses to dismiss them on sovereign immunity grounds.

6

grounds). Further, the improperly-named (ECF No. 67 at 5 n.1) defendant Immigration & Naturalization Services, California Service Center is entitled to sovereign immunity because it is a federal agency that has not waived its immunity, and any claim for damages regarding a tort committed by its employees would only be cognizable against the United States. *See Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984) ("The Federal Tort Claims Act provides that the United States is the sole party which may be sued for personal injuries arising out of the negligence of its employees. . . . Individual agencies of the United States may not be sued.").

In addition, Plaintiff could not amend her allegations to parry aside the shield that sovereign immunity offers the Government Entities. *See Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (stating that "[t]he Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature"). As amendment would be futile, the Court will dismiss claims against the Government Entities with prejudice.

**B.     Defendants Who Moved to Dismiss for Insufficient Service of Process**

Next, two private-party defendants, Equifax and J.P. Morgan Chase Bank (collectively, the "12(b)(5) Defendants"), have moved to dismiss Plaintiff's claims against them, in relevant part, for insufficient service of process. (ECF Nos. 16, 28.) The Court addresses this argument over the other arguments presented by the 12(b)(5) Defendants in their motions because "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

The 12(b)(5) Defendants more specifically argue that Plaintiff mailed them a copy of her Complaint by certified mail—but did not include a summons with the Complaint, and did not otherwise serve either of them. (ECF Nos. 16 at 3-4, 28 at 5-7.) Thus, they argue,

7

Plaintiff's claims against them must be dismissed. (*Id.*) The Court agrees, and will dismiss Plaintiff's claims against these two defendants because she only mailed them a copy of her Complaint without the corresponding, proper summons. (*See id.*) *See also Lott v. U.S. Dep't of Labor, DEEOIC*, Case No. 3:11-cv-00258-ECR, 2012 WL 1278779, at *3 (D. Nev. Apr. 12, 2012) (dismissing case-initiating document mailed without summons in part for insufficient service of process under Fed. R. Civ. P. 12(b)(5)); *Wasson*, 237 F.R.D. at 423 (same). Therefore, the Court grants the 12(b)(5) Defendants' motions and dismisses these defendants without prejudice.

### C. Louisiana Companies Who Moved to Dismiss for Lack of Personal Jurisdiction

Two other defendants, Entergy and Parish Water Company (the "Louisiana Companies") have moved to dismiss for lack of personal jurisdiction because they have no connection to Nevada. (ECF Nos. 26, 41.) Because the Court agrees it would be improper to exercise personal jurisdiction over the Louisiana Companies, and as explained below, the Court will grant the Louisiana Companies' motions.

A two-part analysis governs whether the Court may exercise personal jurisdiction over the Louisiana Companies. "First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute." *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994). Since "Nevada's long-arm statute, NRS § 14.065, reaches the limits of due process set by the United States Constitution[,]" the Court moves on to the second part of the analysis. *Baker v. Eighth Judicial Dist. Court ex rel. Cty. of Clark*, 999 P.2d 1020, 1023 (Nev. 2000). "Second, the exercise of jurisdiction must comport with federal due process." *Chan*, 39 F.3d at 1404-05. "Due process requires that nonresident defendants have certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* (citing *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)). Courts analyze this constitutional question with reference to two forms of jurisdiction: general and specific jurisdiction.

### 1. General Jurisdiction

For the Court to exercise general jurisdiction over the Louisiana Companies, the Louisiana Companies must engage in continuous and systematic general business contacts that approximate physical presence in Nevada. *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011). "The standard for general jurisdiction 'is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.'" *Id.* at 1074 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801(9th Cir 2004)). "To determine whether a nonresident defendant's contacts are sufficiently substantial, continuous, and systematic, [courts] consider their '[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets.'" *Id.* (quoting *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006)).

Neither of the Louisiana Companies have continuous and systematic business contacts that approximate physical presence in Nevada. Thus, neither of the Louisiana Companies are subject to this Court's general jurisdiction. Parrish Water Company is a Louisiana company with its principal place of business in Baton Rouge, Louisiana that provides water to customers in and around Baton Rouge, Louisiana. (ECF No. 41 at 6.) Plaintiff has not alleged—nor has any evidence or argument presented to the Court tended to show—that Parish Water Company does any business in Nevada.[4] (*Id.*; *see also* ECF No. 5 at 29, 49 (apparently alleging that Parish Water Company stole Plaintiff's identity by creating an online account in her name).) Similarly, Entergy Louisiana, LLC (the Entergy entity that provides Plaintiff with power at her home in Baton Rouge (ECF No. 76 at 11)) is a Texas limited liability company with its principal place of business in Louisiana that provides electric utility service in Louisiana, and which is not qualified to do, or does, any

---

[4]Indeed, Plaintiff did not oppose Parish Water Company's motion to dismiss, so the Court could dismiss Parish Water Company from this case on that basis alone. *See* LR 7-2(d).

business in Nevada. (ECF No. 26 at 12.) Plaintiff has not provided any evidence to the contrary. (ECF No. 76.) Therefore, neither of the Louisiana Companies are subject to this Court's general jurisdiction.

### 2. Specific Jurisdiction

Specific jurisdiction exists where "[a] nonresident defendant's discrete, isolated contacts with the forum support jurisdiction on a cause of action arising directly out of its forum contacts." *CollegeSource*, 653 F.3d at 1075. In the Ninth Circuit, courts use a three-prong test to determine whether specific jurisdiction exists over a particular cause of action: "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable." *Id.* at 1076 (quoting *Schwarzenegger*, 374 F.3d at 802)). The first prong, alternatively called purposeful availment or purposeful direction, is often determinative. *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc).

It would also be improper for the Court to exercise specific personal jurisdiction over the Louisiana Companies because they have not purposefully availed themselves of Nevada, and Plaintiff's allegations against them appear to stem from events that occurred in Louisiana. As discussed above, both of the Louisiana Companies have presented evidence they have no connection to Nevada, and Plaintiff has presented no evidence to the contrary. (ECF Nos. 26 at 12, 41 at 6, 7.) And Plaintiff's allegations against the Louisiana Companies also indicate no link to Nevada. (ECF No. 5 at 29, 49.) Thus, the Court declines to exercise specific personal jurisdiction over the Louisiana Companies and will dismiss them from this case without prejudice.

### D. Defendants Who Moved to Dismiss for Failure to State a Claim

Three other defendants—Microsoft Corporation, Wells Fargo Bank, and Boost Mobile (collectively, the "12(b)(6) Defendants")—moved to dismiss Plaintiff's Complaint because it fails to state a claim upon which relief may be granted. (ECF Nos. 37, 47, 52.) The 12(b)(6) Defendants generally argue that they are only mentioned in passing in the Complaint, and it is impossible to decipher exactly how Plaintiff alleges they have violated Plaintiff's legal rights. As such, they argue, Plaintiff's Complaint does not permit the Court to infer more than the mere possibility of misconduct on their part and should therefore be dismissed. *See Iqbal*, 556 U.S. at 679. The Court agrees and will dismiss the 12(b)(6) Defendants without prejudice. (ECF No. 5 at 28, 47 (referencing Microsoft but not allowing for an inference of anything more than the possibility of misconduct); *see also id.* at 28-29, 47-48 (same as to Wells Fargo); *see also id.* at 25, 41 (same as to Boost Mobile).)

### E. Silent Defendants

Eight additional defendants—AT&T, Barrett/Grider Settlement Plan Administrator, Reno Justice Court, Superior Court for the County of Yolo, Spirit Airlines, HULU, Experian, and TransUnion[5] (collectively, the "Silent Defendants")—did not move to dismiss, but the Court will also dismiss them from this case without prejudice because Plaintiff's Complaint fails to state a claim against them, similar to the defendants discussed *supra* in Section IV.D. *See Silverton v. Dep't of the Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) (stating that a court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving

---

[5]The Court issued a notice of intent to dismiss defendants Barrett/Grider Settlement Plan Administrator, Reno Justice Court, Superior Court for the County of Yolo, Spirit Airlines, HULU, Experian, and TransUnion pursuant to Fed. R. Civ. P. 4(m) unless proof of service was filed by January 20, 2019. (ECF No. 77.) To date, no such proof of service has been filed, but the deadline for Plaintiff to file proof of service has not yet passed. That said, having reviewed Plaintiff's Complaint, Plaintiff fails to state a claim against these defendants. The Court will dismiss them now.

1  defendants or where claims against such defendants are integrally related."); *see also*
2  *Abaghinin v. Amvac Chem. Corp.*, 545 F.3d 733, 742–743 (9th Cir. 2008).

Like the defendants discussed *supra* in Section IV.D, Plaintiff's Complaint lacks specific, factual allegations against the Silent Defendants, or any cogent description of how they violated her legal rights. Plaintiff's Complaint does not contain sufficient factual matter to "state a claim to relief that is plausible on its face" against the Silent Defendants. *Iqbal*, 556 U.S. at 678 (internal citation omitted). Thus, the Court dismisses the Silent Defendants without prejudice.[6]

### F. Leave to Amend

While courts should generally grant leave to amend when they grant motions to dismiss, the Court may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). This is such a case. Granting Plaintiff leave to amend her Complaint here would both be futile and result in undue prejudice to the many opposing parties she attempted to sue, who would be left with the difficult task of defending against fantastic and delusional claims. In the analogous context of the law governing *in forma pauperis* applications, a court may dismiss, *sua sponte*, "claims describing fantastic or delusional scenarios." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989). Here, Plaintiff paid the filing fee. (ECF No. 1.) Nonetheless, the Court finds that the fantastic and delusional scenarios painted with a broad brush throughout Plaintiff's Complaint (ECF No. 5) warrant dismissal without leave to amend.[7]

---

[6]The Court likely lacks personal jurisdiction over many of these defendants, which is an additional factor weighing in favor of dismissing them from this case. *See Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1518, 1522 (9th Cir. 1983) (affirming District of Nevada's *sua sponte* dismissal of out-of-state defendants over whom the court presumably lacked personal jurisdiction).

[7]The fact that Plaintiff represents herself does not change this analysis. The Court may dismiss even a *pro se* complaint without leave to amend where, as here, it is clear

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions pending before the Court.

It is therefore ordered that the pending motions to dismiss (ECF Nos. 16, 26, 28, 37, 41, 47, 52, 60, 65, 67, 91) are granted.

It is further ordered that the remaining pending motions (ECF Nos. 2, 6, 29) are denied as moot.

It is further ordered that defendants the California Department of Motor Vehicles, the Nevada Department of Motor Vehicles, the Louisiana Department of Motor Vehicles, the Louisiana Department of Health and Hospitals/Louisiana State University, and Immigration & Naturalization Services, California Service Center are dismissed from this case with prejudice.

It is further ordered that the remaining defendants named in Plaintiff's Complaint are dismissed without prejudice. However, the Court declines to grant Plaintiff leave to amend her Complaint because amendment would be futile.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 11th day of January 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

that allowing a plaintiff an opportunity to amend would be futile. *See Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1012 (9th Cir. 2011), *as amended* (Aug. 19, 2011).